### PENNACCHIO v. UNITED STATES.[*]

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

#### No. 115.

1. CRIMINAL LAW ⬦⟳452(3)—TESTIMONY OF HABITUAL USER THAT SUBSTANCE HE PURCHASED WAS OPIUM COMPETENT.

On trial of defendant for illegal sale of opium, testimony of the purchaser that the substance bought was opium *held* competent, although he was not a chemist, where he testified that he was a habitual user of opium, knew its taste, and that he used that purchased.

2. INTERNAL REVENUE ⬦⟳47—EVIDENCE OF ACT OF AGENT ADMISSIBLE.

Evidence of a sale of opium by one introduced to the purchaser by defendant as his agent *held* admissible, under an indictment of defendant for making the sale, although no conspiracy was charged.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Thomas Pennacchio. Judgment of conviction, and defendant brings error. Affirmed.

Samuel Furstenburg, of New York City, for plaintiff in error.

Francis G. Caffey, U. S. Atty., of New York City (David V. Cahill, of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Plaintiff in error has been indicted on four counts. The first count is for unlawfully, knowingly, and willfully selling, on December 1, 1918, to one Gillies, two tins of smoking opium when he had not registered with the collector of internal revenue as a person who deals in, dispenses, or sells opium or coca leaves; the second count charges such sale to Gillies as not in pursuance of any written order of the person to whom it was made, on the blank issued for that purpose; the third count alleges the sale to Gillies, on the 10th of January, 1919, of four tins of smoking opium, and that the plaintiff in error, at the time of such sale, had not registered with the collector of internal revenue as a person who deals in, dispenses, or sells opium or coca leaves; and the fourth count alleges that such sale on the 10th of January, 1919, was not made in pursuance of a written order to the person to whom it was made on blank form issued for that purpose by the Commissioner of Internal Revenue.

The plaintiff in error was convicted on the first three counts. After

---

⬦⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[*]Certiorari denied 252 U. S. ——, 40 Sup. Ct. 588, 64 L. Ed. ——.

sentence, he sued out this writ of error. The assignments of error are very general and are as follows: (1) That the conviction was erroneous; (2) that the evidence of guilt was insufficient; (3) that evidence was improperly admitted; (4) that evidence was improperly excluded.

[1] Under these assignments of error, the plaintiff in error contends that there is no evidence of a sale of opium. He contends that the witness Gillies, to whom the sale was made, could not testify that the contents of the tins sold to him were, in fact, opium, contending that it required expert testimony to establish this fact. It is true that, in order to establish the fact of the presence of alkaloid in opium, an analytical process must be followed, requiring the knowledge of the chemist to state positively that a substance is opium within the formula as defined in the United States Pharmacopœia. Also, it is not contended by the government that Gillies was a chemist, or possessed of the knowledge or training such as would make him capable of discovering, after chemical analysis, the necessary ingredients to bring the substance examined within the definition of opium.

But the government rightly contends that, it being established that Gillies was a habitual user of opium, his testimony as to the nature of the substance with which he was familiar was sufficient to require the submission of the question of whether or not the substance was opium to the jury as a question of fact. His testimony was given without objection, and he testified that he had been using the opium for about a year, and he was therefore familiar with it. However, a motion was subsequently made to strike out his testimony, which was denied. This was evidence as to a fact which the witness was competent to state, and its submission to the jury was therefore proper. The witness possessed greater knowledge than the jury as to the fact that it was opium, and therefore his testimony was of assistance to them. One who drinks fermented liquor and knows the taste of it, although not a chemist, may testify that a particular liquor was fermented. Merkle v. State, 37 Ala. 139. One familiar with the odor of carbolic acid, although not a chemist, may be permitted to testify that such an odor came from the corpse. Greene v. State, 125 Ga. 742, 54 S. E. 742. He may also testify to the odor of chloroform. Miller v. State (Tex. App.) 50 S. W. 704. The qualification to express an opinion that it was opium was gained from his habitual use of it, and the fact that he said he mixed the contents with water and drank it, and therefore tasted it.

[2] As to the second assignment of error, the sale on January 10, 1919, was made through one Iannone, and it is contended that, before evidence was admissible to prove this sale, it was necessary to charge in the indictment a conspiracy between the defendant and the said Iannone; but the error of this contention is clear. The plaintiff in error fails to observe the testimony given on the trial that Iannone was the agent of the plaintiff in error, and accompanied him in person to Gillies, and that Gillies was told by the plaintiff in error that, when he wanted more opium after the first sale, he might have it by applying to Iannone. After the existence of this agency was established, whatever the agent Iannone did or said in reference to the business of the sale of the opium, it may be proved as against the principal, the plain-

tiff in error, in this criminal prosecution, and the evidence is binding upon him as if the statement or act applied to him personally. American Fur Co. v. U. S., 27 U. S. (2 Pet.) 358, 7 L. Ed. 450.

Where two or more persons are associated together for the same illegal purpose, any act or declaration of one of the parties with reference to the common object, and forming a part of the res gestæ may be given in evidence against the other. Clune v. U. S., 159 U. S. 593, 16 Sup. Ct. 125, 40 L. Ed. 269. Iannone was operating with the defendant after his designation to Gillies by the plaintiff in error as his agent, for accomplishing the unlawful trafficking in opium, and his acts were properly received as against the plaintiff in error, even though the indictment does not charge a conspiracy. Wiborg v. U. S., 163 U. S. 632, 16 Sup. Ct. 1127, 41 L. Ed. 289; U. S. v. Gooding, 12 Wheat. 460, 6 L. Ed. 693. Because of the relationship existing between the plaintiff in error and Iannone, the testimony of the police officer relating to the acts and conversations of Gillies and Iannone when the opium was delivered to Gillies was properly received. It was evidence of the transaction indicating the sale and delivery of the opium on the 10th of January, 1919. This was the subject of the charge in the indictment, and therefore properly received as evidence of the commission of the crime.

The judgment is affirmed.