## U. S. Court of Appeals

### REMUS v. UNITED STATES

U. S. Court of Appeals, 6th Circuit
Nos. 3862-3869.   Decided June 30, 1923
291 Fed. 513

661.   INTOXICATING LIQUORS—Maintenance of nuisance under National Prohibition Act is misdemeanor—Can be prosecuted by information—Description by environments and the farm name of premises on which nuisance was maintained held sufficient—Those not in control of premises may be guilty of maintaining nuisance thereon, if they co-operated— Motion sustained to exclude all evidence obtained by an illegal search warrant.

DONAHUE, C. J.

Epitomized Opinion

This case was brought in error to the District Court of the U. S. for the Southern District of Ohio.   John W. Peck, Judge.   Several of the defendants brought error.

Remus et al were prosecuted upon an information charging them with the maintenance of a nuisance in violation of Section 21 of Title 2 of the National Prohibition Act. Defendants moved the court to set aside its order granting leave to the District Attorney to file this informtaion for the reason that it was filed upon the affidavit of Mary Hubbard, that knowledge of the facts disclosed in her affidavit was obtained as a result of an illegal search warrant.   Upon the hearing of this motion the court refused to set aside the order granting leave to file the information, her affidavit was obtained as a result of an order excluding evidence obtained under the search warrant.   At the trial the jury returned a verdict of guilty.   Error was prosecuted. In sustaining the judgment of the lower court, it was held:

1. The offense of maintaining a nuisance in violation of the National Prohibition Act, Title 2, Par. 21, is a misdemeanor and the penalty provided by Section 32 for that offense is not infamous punishment, so that the offense is one that can be prosecuted on information.

2. An information describing the premises on which a nuisance was maintained so far as it could be located by public roads, streets, streams and other fixed monuments and alleging that the premises were known as the "Dater farm" was a sufficient description of the premises.

3. Where trial court sustained defendants' motion to exclude all evidence obtained by an illegal search warrant and was of the opinion that a hearing to ascertain what evidence was so obtained was unnecessary it was not an abuse of the court's discretion to deny such hearing and reserve permission to the defendants to object to any such evidence, if offered by the district attorney in disobedience of the order of court.

4. A conviction for maintaining a common nuisance may be had against defendants other than the one in actual control of the premises designated, if they co-operated in maintaining the nuisance thereon, and if they did not participate in the actual maintenance they still might be convicted as aiders and abettors.

Attorneys—Edward P. Moulinier, Cincinnati, et al, for Remus et al; Thos. H. Morrow, Richard T. Dickerson and Benson W. Hough, U. S. Atty., for United States.

## U. S. Supreme Court

STATE OF OHIO v. WEST VIRGINIA
PENNSYLVANIA v. SAME
U. S. Supreme Court
On Petition for Rehearing
Reargued Nov. 20, 1923; Decided Dec. 3, 1923
For Former Opinion in These Cases
See 1 Abs. 627

VAN DEVANTER, J., announced the ruling.

By leave of court, a petition for rehearing was filed.   The cases had been presented in oral argument three times, but three members of the court had heard only the last presentation.   This, with the importance of the questions involved and the public character of the litigants, led the court to grant the rehearing, which was had.

The cases have been considered again in the light of that presentation, and after further reflection the court perceives no bround for disturbing the opinion announced or the decree entered therein.   Decree reaffirmed.

Chief Justice Taft did not participat and Justices Holmes, McReynolds and Brandeis dissent as per their former opinions.

STATE OF OHIO ex rel v. Le BLOND, as Judge
U. S. Supreme Court
In Error to the Ohio Supreme Court
PER CURIAM.

The motion to advance is denied.   The application for certiorari is also denied and the writ of error is dismissed by the court of its own motion upon authority of Sec. 237 Judicial Code, as amended Sept. 6, 1916.