## RUVEL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 11, 1926. Rehearing Denied April 20, 1926.)

No. 3671.

I. Criminal law ⊜⇒757(I)—It is not duty of court to call attention to specific facts which may discredit witnesses.

It is not the duty of the court in its charge to call attention to specific facts which may discredit witnesses, with the possible exception of the cautionary charge as to accomplices.

2. Criminal law ⊜⇒1168(4)—Refusal to strike out testimony not reversible error, where same facts are brought out on cross-examination.

Refusal to strike out testimony is not reversible error, where the same facts were brought out on defendant's cross-examination of the witness.

3. Criminal law ⊜⇒1124(I)—Record showing merely that court did not hear grounds of, or argument on, motion for new trial not ground for reversal.

That it appears from the record that the court overruled defendant's motion for new trial, "without having heard the grounds on which such motion was urged or arguments of counsel," is not ground for reversal; it not appearing that argument was offered or that the court refused to hear it.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against Sol Ruvel. Judgment of conviction, and defendant brings error. Affirmed.

John V. Clinnin, of Chicago, Ill., for plaintiff in error.

Edwin A. Olson, U. S. Atty., and Edward J. Hess, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error attacks a judgment rendered on conviction of himself and one Vecci under an indictment charging them and others with conspiracy to commit the offense against the United States of buying, receiving, and having in possession goods stolen, and known by them to have been stolen, from the American Railway Express Company, while they were being transported in interstate commerce.

[1] Unquestionably there was evidence connecting plaintiff in error with the crime. Mills, a codefendant, gave testimony for the government which, if believed, left no alternative but conviction, and it is upon his evidence that the proof of guilt largely, if not wholly, rests. It appears that Mills, besides being an accomplice and coconspirator, had a long criminal record, and error is assigned on the court's refusal to charge the jury that they should take into consideration his prior conviction of crime. We do not understand that any such duty rests on the court. In his sound discretion he should charge the jury on the subject of the credibility of witnesses. This was done in charging them that they are the sole judges of the credibility of witnesses, whose interest or bias should be taken into consideration, and that the jury should apply all tests which their common sense tells them should be applied in determining the weight of evidence. The court is not required to call attention to specific facts which may discredit witnesses, with possible exception, perhaps, of the cautionary charge as to accomplices, which is and ought usually to be given, and which was here fully given with respect to Mills. Evidently the jury believed his story, and it does not fall within our province to determine whether he or Vecci and Ruvel, who contradicted him, told the truth.

Complaint is made of improper remarks in the closing argument by the district attorney. While these were perhaps more fervid than is commendable in one discharging a semijudicial function such as he does, we do not regard them as injecting error. Indeed, the record would seem to indicate that such as were most objectionable did not refer to plaintiff in error at all.

[2] Conversation between defendants Mills and Vecci, after all the defendants had been arrested, but out of the presence of Ruvel, was the subject of a motion to strike after the evidence had been given. The record does not disclose whether the questions that adduced this evidence were objected to. But the evidence was quite directly connected with what was brought out in cross-examination of same

witness, on behalf of plaintiff in error, and, in so far as this is so, he cannot in any event complain.

[3] On oral argument, error was asserted on that part of the record wherefrom it appears that on June 9, 1925, the court overruled plaintiff in error's motion for new trial "without having heard the grounds on which such motion was urged or arguments of counsel." The alleged error would consist, not in overruling the motion for a new trial, for this was within the court's discretion, and error thereon is not assignable, but in not hearing the grounds of the motion and argument thereon. Upon this no error is assigned. At the same time Vecci's motion was withdrawn, and there is nothing to indicate that counsel for Ruvel undertook to state the grounds of his motion, or make argument thereon. The record does not say that the court *refused* to hear the grounds, but merely that he *did not* hear them, which may be entirely consistent with the proper entertainment of the motion, and does not transgress the well-recognized rule of practice that, notwithstanding the discretionary nature of the court's ruling on a motion for a new trial, it is required to entertain the motion.

We find nothing in the record wherefor we should disturb this judgment, and it is affirmed.