## CAMPBELL v. UNITED STATES.
### No. 5896.

Circuit Court of Appeals, Fifth Circuit.
Feb. 19, 1931.

Lloyd C. Hooks and R. A. Hendricks, both of Miami, Fla., for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

SIBLEY, District Judge.

Willard E. Campbell appeals from conviction of a charge of bringing into the United States certain aliens not lawfully entitled to enter.

The indictment charged that he brought them "into the United States from a foreign country, to-wit: Havana, Cuba, at Miami, Florida, by means of a certain vessel, to-wit: Speed Boat Number V-17400." The testimony was that the aliens were taken by automobile from Havana to a point on the Cuban coast, and there put on a boat called "The Betty," and transferred on the high seas to the speed boat V-17400, and by it carried to Miami. A fatal variance is claimed in that other means beside the boat V-17400 were used. No crime was committed by carrying the aliens from Havana, but only by carrying them into the United States at Miami. The indictment was seeking to aver the instrument of the crime, and properly named the V-17400 as such. There was no variance.

The aliens testified that Campbell, in Havana, offered to take them into the United States for $80 each, which they paid, and he took them to Miami, as above stated. Campbell admitted coming with them on the boats, but denied seeing them in Havana, or having anything to do with their coming to Miami. He was allowed to testify that he was in Cuba on lawful business concerning a boat there, and that he came home as he did because he was barred from entrance and exit by the Cuban authorities. This was undenied and apparently uncontested by the prosecution. Campbell offered many witnesses and many documents to prove circumstances tending to show that what he said about his going to Cuba several weeks before was true. None of them related to the return trip in the V-17400. On objection for irrelevancy, the court ruled thus: "It is hardly material how he got over there. There is only one issue in this case. Did this man bring these aliens in here and collect money from them. That is all we have to try." There was no abuse of discretion in thus limiting the trial to the real dispute.

On direct examination, Campbell voluntarily testified that he was then serving a term in the penitentiary for unlawful importation of liquors. The court, in charging, said: "The defendant in this case is shown to have been convicted of another offense and that he is now in the penitentiary. Now this does not mean that he might not be telling the truth here. You are the judges of the character of the witnesses; their character as disclosed in the testimony." He afterwards added: "I meant to tell the jury that you are the judges of the credibility of the witnesses, and in judging such credibility you may take into consideration the character of the witness as disclosed from the evidence, and if you think his character does not bear out his testimony you are justified in giving it what weight it ought to have." This charge did not put the defendant's character in issue in any improper way. While his previous conviction of a felony cannot be proved as a circumstance to show him guilty of the charge on trial, yet, when he offers himself as a witness, it may be shown to impeach him as such. 40 Cyc. p. 2607; Lawrence v. United States (C. C. A.) 18 F.(2d) 407. This is the use the jury was told they might make of it.

The court declined a request to give the usual charge on circumstantial evidence. The case was fully established by the direct testimony of the aliens, if believed by the jury. It was therefore not a case of circumstantial evidence. The circumstances were only corroborative.

The court was also asked to charge touching the caution with which the testimony of accomplices should be received, as applied to that of the aliens. They committed no crime in unlawfully entering the United States, though they were liable to be deported. They were therefore not accomplices, and the request was properly refused. Emmanuel v. United States (C. C. A.) 24 F.(2d) 905.

The aliens, who are Italians and speak no English, testified that Campbell communicated with them in Spanish, a few words only of which they understood. It was proposed on the trial that a person produced by the defendant as proficient in Spanish be allowed to ask them questions in that language to

see if they understood. The court declined to permit this. The making of a test of this sort was of doubtful usefulness, as neither the court nor the jury could have understood what was passing, and would have to rely on what the inquisitor said about it. He might, or might not, hit upon words intelligible to the Italians, and might or might not have used gestures so helpful to Europeans. The inquiry would necessarily have come to be a trial of the inquisitor rather than of the witnesses. It was within the discretion of the court to refuse the test. 22 C. J. § 899.

Other assignments of error are without merit. We find no reversible error, and the judgment of the District Court is affirmed.