## GLATZMAYER v. UNITED STATES.*

### No. 8026.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1936.

Leonard Brown, of San Antonio, Tex., for appellant.

W. R. Smith, Jr., U. S. Atty., and Ben F. Foster and H. W. Moursund, Asst. U. S. Attys., all of San Antonio, Tex., for the United States.

Before SIBLEY and HUTCHESON, Circuit Judges, and BORAH, District Judge.

SIBLEY, Circuit Judge.

The appellant, Herman A. Glatzmayer, was convicted on six counts of an indictment and given a general sentence which may be upheld by any one count. No record is brought here except the indictment, a demurrer which in effect asserts that none of its counts sets forth any offense, the verdict, and the sentence. The counts are alike except as to the person to whom, the time at which, and the amount in which, narcotics are alleged to have been dispensed by Glatzmayer as a registered physician not in pursuance of order forms and "not in the course of his professional practise only." Each count sets forth a prescription in which the person to whom it was issued is stated to have some disease, the prescriptions each calling for from ten to fifteen half grains of morphine. The contention is that the indictment as one against a physician issuing prescriptions is insufficient because it is not alleged that the person prescribed for was not a patient, the words "not in the course of his professional practise only" being a mere conclusion and not negativing the patienthood of the recipient.

The statute, 26 U.S.C.A. § 1044 (a), makes the crime to consist in selling, etc., the drugs named in section 1040 (a) except in pursuance of a written order on a prescribed form. Subsection (b) makes an exception applicable to the Virgin Islands. Subsection (c) declares: "Nothing contained in this chapter shall apply— (1) To the dispensing or distribution of any of the drugs mentioned in section 1040 (a) to a patient by a physician * * * in the course of his professional practise

*Rehearing denied July 16, 1936.

only; Provided, That such physician * * shall keep a record," etc. There is therefore created an offense of dispensing drugs except on order forms, and an exception in a separate paragraph of physicians who dispense to patients in the course of their professional practice only. Perhaps the indictment might have charged simply the dispensing not on order forms, ignoring the fact that the accused was a physician, thus leaving to him the proof of his immunity. But it alleged that he was a registered physician and issued prescriptions as such, and to make a case it had to go further and negative the physician's privilege. We think it is effectively negatived by the allegation that the prescriptions were not issued and filled in the course of his professional practice only. A patient is a sufferer under treatment by a physician. If the physician is acting in the course of his professional practice, necessarily he has a patient. But conceivably he may have a patient under treatment and might dispense to him drugs not to alleviate his condition, but to gratify his craving for them, as he might in like manner dispense drugs to one not a patient. To sustain the physician's privilege, there must both be a patient and a dispensing in the course of professional practice only, but the absence of the latter element alone will destroy it. The words "not in the course of his professional practise only" are not a mere conclusion but an allegation of the ultimate fact that the dispensing by the physician was not done as a physician. The indictment is sufficient to state an offense, and the demurrer was properly overruled. See Jin Fuey Moy v. United States, 254 U.S. 189, 190, 41 S.Ct. 98, 65 L.Ed. 214; Boyd v. United States, 271 U.S. 104, 46 S.Ct. 442, 70 L.Ed. 857.

Judgment affirmed.