## FREEMAN v. UNITED STATES.*

### No. 8111.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1936.

*Rehearing denied Dec. 17, 1936. Writ of certiorari denied 57 S. Ct. 323, 81 L. Ed. —.

244

Roy S. Drennan and Robert B. Giles, both of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and J. E. Mundy and M. Neil Andrews, Asst. U. S. Attys., all of Atlanta, Ga.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, convicted on twelve counts of an indictment charging violations of section 2 of the Harrison Anti-Narcotic Act (26 U.S.Code § 1044, 26 U.S.C.A. § 1044), assigns as error the action of the trial court in overruling his demurrer to each of the counts. By the demurrer, the contention was made that the allegation in each count, "in the course of his professional practice only," was a conclusion of the pleader, since it did not negative the various circumstances necessary to constitute an administration in the course of his professional practice or allege the existence of conditions which rendered the use of the drug unprofessional and in bad faith.

The allegation assailed is in the language of the statute, which is ordinarily sufficient. More particularity in this indictment was not required in order fully to advise the defendant of the nature and cause of the accusation against him. The objection here is not different from that presented in Glatzmayer v. United States (C.C.A. 5) 84 F.(2d) 192. In that case the allegation was held to charge an ultimate fact and not a mere conclusion. We find no error in the action of the court in overruling the demurrer.

An assignment is predicated on the action of the Government in offering for the purpose of identification a number of prescriptions issued by appellant to persons not named in the indictment, some of which were not introduced in evidence. Appellant contends that he was prejudiced by the parade of these prescriptions before the jury. It appears from the evidence that the prescriptions were identified for the purpose of introduction in evidence, but the court, to save time, limited the number actually introduced because it considered that number sufficient and the others merely cumulative. The matter was within the discretion of the trial court, which may be fairly exercised in order to prevent unnecessary delay or prolixity in presenting the facts of a case to the jury.

The prescriptions issued to parties other than those named in the indictment were admitted for the purpose of showing the intention and state of mind of appellant at the time they were issued, and their consideration was so limited upon their admission and in the instructions to the jury. They were relevant and material evidence upon the issue of appellant's good faith. Dysart v. United States (C.C.A.) 270 F. 77, and Williams v. United States (C.C.A.) 294 F. 682.

Other assignments relate to the refusal of the court to direct a verdict of acquittal on the ground that the evidence showed that the prescriptions were issued in the course of appellant's professional practice. Under these assignments it is insisted that the prescriptions themselves appear to have been so issued, and therefore satisfy the Narcotic Act, as a revenue measure, and that to construe the act as authorizing judicial inquiry into the sufficiency and propriety of the reasons assigned for their issuance is to construe it as a police regulation, thereby rendering it unconstitutional and void. Appellant relies upon the case of Linder v. United States, 268 U.S. 5, 45 S.Ct. 446, 449, 69 L.Ed. 819, 39 A.L.R. 229. In that case the court said: "Mere pretense of such practice, of course, cannot legalize forbidden sales, or otherwise nullify valid provisions of the statute."

The constitutionality of the act was also upheld in the case of United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493. The provisions of the act as to forms and records are clearly in aid of the collection of the tax, and the exception from these provisions makes the obtaining and keeping of the necessary record information more difficult. In order to be entitled to the bene-

fit of the exception, the practice of the profession must be real and genuine, and resort to it may not be had as a subterfuge to cover an otherwise unlawful dispensing of the taxable drug. Jim Fuey Moy v. United States, 254 U.S. 189, 41 S.Ct. 98, 65 L.Ed. 214; United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619.

In the present case, issue was squarely joined on the good faith of the appellant in issuing the prescriptions set out in the indictment. The question was fairly presented to the jury under the instructions of the court. On this issue there was sufficient evidence to sustain the indictment; and the charge contained in the indictment is within the prohibition of the statute. Therefore, the grounds assigned were not sufficient to warrant an instructed verdict to find the defendant not guilty or an order quashing the indictment. We find no reversible error in the record and the judgment of the District Court is affirmed.

Since this cause was submitted, appellant has filed a motion praying that, in event of affirmance, we include in our judgment authority to the District Court to modify its judgment. Without regard to our authority or lack of authority to grant such motion, no reason appears why it should be done.

Therefore, the motion is overruled.