## WEAVER v. UNITED STATES.
### No. 11532.

Circuit Court of Appeals, Eighth Circuit.

May 1, 1940.

Harold A. Prince, of Grand Island, Neb., and Robert Van Pelt, of Lincoln, Neb. (E. B. Perry, L. J. Marti; J. P. O'Gara, and Arthur E. Perry, all of Lincoln, Neb., on the brief), for appellant.

Fred G. Hawxby, Asst. U. S. Atty., of Lincoln, Neb. (Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson and Emmet L. Murphy, Asst. U. S. Attys., all of Omaha, Neb., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The appellant was convicted and sentenced on two counts of an indictment containing five counts in which he and Erma Shaneyfelt were charged jointly with violation of the Federal Narcotic Act, 26 U.S. C.A.Int.Rev.Code § 2550, 18 U.S.C.A. § 88. The first count charged a conspiracy to violate the Act and alleged as overt acts illegal sales on December 9, 1937, October 6, 1938, October 14, 1938, and October 17, 1938. Each of the alleged overt acts was charged as a substantive offense in counts 2, 3, 4, and 5 respectively. At the conclusion of the government's case the court directed a verdict for Erma Shaneyfelt on all counts of the indictment and for the appellant on count one, the conspiracy count. The case against the appellant was submitted to the jury on counts 2, 3, 4, and 5; and the jury returned a verdict of guilty on counts 2 and 4 and of not guilty on counts 3 and 5. Counts 2 and 4 charged illegal sales on December 9, 1937, and October 14, 1938.

The appellant seeks reversal on the grounds that the court erred (1) in not declaring a mistrial, after the dismissal of Erma Shaneyfelt from the case, because of evidence of conversations with her in the absence of appellant; (2) in receiving in evidence testimony of prior transactions of the defendant; (3) in receiving in evidence exhibits which were neither properly nor sufficiently identified; and (4) in failing to instruct the jury, as requested, in reference to the credibility of a certain government witness.

■ 1. At the conclusion of the government's case and after the dismissal of the conspiracy charge against both defendants and of all counts against Shaneyfelt, appellant moved for a mistrial on the ground in substance that conversations between government witnesses and Shaneyfelt were admitted under the conspiracy charge which were not admissible against appellant on counts 2 and 4 charging substantive offenses.

The evidence in support of count 2 is that Ray Carrick and Patrick Mullen, government witnesses, went to Dr. Weaver's office on December 9, 1937, and gave appellant $6 for morphine. After receiving the money appellant left the office, asking the witnesses to wait as he had to send out for the morphine; that after 10 or 15 minutes Miss Shaneyfelt opened the door and handed Carrick a bottle containing the morphine; that when he started walking out the door she said: "Don't go out with that in your hand, put it away so nobody will see it." He put it in his pocket. This conversation was not objected to. There was no motion to strike it. It can not be said to have been prejudicial.

■ With respect to the transaction on October 14, 1938, the date of the sale charged in count 4, Mullen testified that he went to the appellant's office leaving Crouch, the government agent, about a block away. Over appellant's objection he said that Miss Shaneyfelt told him (in the absence of appellant) that the dope had come that the doctor was telling him about a few days before; that he counted out $6; that she went into another room where appellant was; that he recognized appellant's voice; that after hearing a conversation between appellant and Shaneyfelt something (afterwards found to be morphine) was put in a pill box and given to him by Shaneyfelt and he gave her the six dollars.

The entire conversation in this transaction, it will be observed, was in the absence of the appellant, and was hearsay. It was shown, however, that Shaneyfelt was the

servant of the appellant. The court instructed the jury that appellant would be liable for the acts of his agent acting within the scope of her authority delegated to her by appellant, but if she made the sale without his knowledge or consent he would not be liable under count 4. The question was submitted to the jury without objection and without exception to the instruction. The instruction as a whole is a correct statement of the law. Pennacchio v. United States, 2 Cir., 263 F. 66.

■ But, if there was error in admitting the testimony, the conviction can not be reversed on this account. Only one sentence was imposed, imprisonment for three months and a fine of $300. Since the sentence does not exceed the maximum authorized for conviction on count 2 the error is without prejudice. Taran v. United States, 8 Cir., 88 F.2d 54, 59; Little v. United States, 8 Cir., 93 F.2d 401, 409; United States v. Trenton Potteries, 273 U. S. 392, 401, 47 S.Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989; Abrams v. United States, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173; Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692.

■ 2. Over appellant's objection the government witness Patrick Mullen was permitted to testify that he had purchased morphine from the appellant in the fall of 1935, and that he saw the appellant four or five times each month after that. It is appellant's contention that this evidence was not admissible to show intent for the reason that to sustain an indictment under the statute the government is not obligated to show intent, relying on Coulston v. United States, 10 Cir., 51 F.2d 178, and that no foundation was laid to support the testimony that the thing purchased by him was morphine. There is no merit in either of these contentions. It was competent for Mullen to testify that the substance purchased by him was morphine. Pennacchio v. United States, 2 Cir., 263 F. 66. And the statute under which the appellant was indicted does not apply to the dispensing or administration of narcotics in the course of a doctor's professional practice nor to good faith moderate dispensation to an addict for self administration. Linder v. United States, 268 U.S. 5, 45 S.Ct. 446, 69 L.Ed. 819, 39 A.L.R. 229. The appellant is a licensed physician who had registered as required under the Federal Narcotic Act. The evidence was properly admitted on the question of good faith. Thompson v. United States, 8 Cir., 258 F. 196; Moffatt v. United States, 8 Cir., 232 F. 522; Freeman v. United States, 5 Cir., 86 F.2d 243; Hood v. United States, 8 Cir., 14 F.2d 925. Coulston v. United States, 10 Cir., 51 F.2d 178, presents a different situation.

■ 3. Government exhibits 3, 6, 8, and 10 were the packages of morphine alleged to have been sold to the witnesses Carrick and Mullen in the four transactions referred to in counts 2, 3, 4 and 5 of the indictment. The defendant objected to their admission in evidence on the ground that no proper and sufficient foundation had been laid. In each case the purchaser put the package in his pocket and delivered it to a government agent waiting near the doctor's office to receive it. The basis of the objection is that the evidence does not show that the contents of the packages were in the same condition when delivered by the witness to the agent that they were when the witness obtained them from the doctor's office. The testimony is to the effect that the witness was searched before he entered the doctor's office. The agent watched him enter the building, saw him leave and at once picked him up and took possession of the package. There is no merit in the objection; it was properly overruled by the court.

■ 4. At the conclusion of the court's charge to the jury counsel for the parties were given an opportunity in the absence of the jury to take exceptions to the instructions. Counsel for appellant then said: "We think that the jury should be instructed that the fact that the witness Mullen has been convicted of a felony can be taken into consideration by the jury in determining the weight to be given to his testimony. We think further that the jury should be advised that they can take into consideration in determining the credibility of the witness whether the witness is or has been shown to be a habitual user of morphine sulphate."

The exceptions were overruled.

Clearly the second exception or request was properly denied. There was no evidence, expert or otherwise, to the effect that the use of morphine affects the credibility of a witness; and, if it be true that its use does have such an effect, that fact is not so generally true that courts would be warranted in taking judicial notice of it. No authority has been called to our attention to support such a contention. Ap-

pellant relies upon State v. Fong Loon, 29 Idaho 248, 158 P. 233, 236, L.R.A.1916F, 1198, but in that case the court considered and decided only that the trial court erred in excluding evidence of the use of narcotics. See Kelly v. Maryland Casualty Co., D.C.Va., 45 F.2d 782, affirmed, 4 Cir., 45 F.2d 788; Chicago & N. W. Ry. Co. v. McKenna, 8 Cir., 74 F.2d 155. A request for such an instruction, if timely made and if supported by sufficient testimony, might be proper, but the court did not err in view of the record in the present case in refusing to give an instruction on the subject.

█ The first exception requesting an instruction on the weight to be given the testimony of a witness shown to have been convicted of a felony presents a more serious question. The denial of the request was pressed upon the court as error in a motion for a new trial, and in denying the motion the court observed: "No instruction was tendered, but the request came too late under Rule 4 of the District Court rules in this district in force for 25 years, as follows: 'The points on which either side desire the jury to be instructed must be in writing and furnished to the court before the argument to the jury commences.' The defendant's request was made after arguments to the jury had been completed and the court's instructions given to the jury. * * * The request was covered by the general instructions."

The general instruction given the jury on this subject was as follows: "You are the sole judges of the witnesses, as to their testimony and what importance or value it may have. You have a right to consider in weighing the testimony of any witness, to consider the means that he has for observing, remembering and relating that which he undertakes to state. You have a right to consider the conduct and demeanor of a witness on the witness stand. You have a right to consider the interest of any witness in the result of the suit and that applies to the witnesses of the Government and to the witnesses of the defense and to every witness who has testified in this case. You have a right to consider the probability of the testimony given by any witness in view of all the facts and circumstances shown on the trial and the evidence produced in the case. You have a right to weigh the testimony as to any particular fact in view of all of the other testimony but as I say, you are the sole judges of the testimony and of what weight and impor-

tance you will attach to it and what facts it proves or does not prove."

The testimony relating to the conviction of the witness Mullen was brought out on cross-examination. He testified that he was first convicted of a felony in 1926 and again in 1927; that he had been a dope addict; that he had been in jail 50 days in the last 17 months; that he was brought from jail to testify in this case; that he was arrested mostly for petit larceny; and that he is no longer a dope addict but that he continues to steal.

It may be assumed under the circumstances of this case that had a proper request for an instruction been made in conformity with the rule of the district court it would have been good practice for the court to include it in his charge to the jury. The questions for consideration are (1) whether the general instruction adequately covered the subject of the request and (2), if not, whether failure of the defendant to comply with the rule of the district court prevents him from claiming error.

The general charge of the court, supra, did not cover the defendant's request. So far as it went the charge was correct. 16 C.J. 1015. Nevertheless, while it might not have been proper specifically to single out the testimony of the witness Mullen as subject to particular caution, the charge contained no reference generally to the fact that conviction of a felony is a circumstance which may be considered among others in determining the credibility of a witness and the weight to be given to his testimony. Fire Association of Philadelphia v. Weathered, 5 Cir., 62 F.2d 78; Mercer v. United States, 3 Cir., 14 F.2d 281, 283; Jebbia v. United States, 4 Cir., 37 F.2d 343, 344; Campbell v. United States, 5 Cir., 47 F.2d 70, 71; 16 C.J. 1013, 1014; 70 C.J. 848.

█ Even assuming that the defendant's request should be treated as an exception to the general charge, that fact would not warrant a reversal. Error is not assigned to the charge as given. Rule 35 of the rules of this court. The assigned error is directed to the failure to give the instruction requested and not to any portion of the court's charge. See also Backus v. Fort Street Union Depot Co., 169 U. S. 557, 575, 18 S.Ct. 445, 42 L.Ed. 853; Isaacs v. United States, 159 U.S. 487, 491, 16 S.Ct. 51, 40 L.Ed. 229; Ripper v. United States, 8 Cir., 179 F. 497; Strader v. United States, 10 Cir., 72 F.2d 589, 593; Rule

46 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ It remains to consider whether the failure of the defendant to comply with the rule of the district court prevents him from claiming error for the refusal to give the instruction requested assuming it to be in otherwise proper form. The rule for determining whether or not the defendant waived his right to the requested instruction has been established in this court in the case of Salinger v. United States, 8 Cir., 23 F.2d 48, 53. The rule is that, if it is the duty of the trial court to give the instruction in the first instance, there is a legal presumption that the court will do so and the defendant has a right to rely upon the presumption and file no written request. In such a case the defendant is not chargeable with culpable violation of the rule of the court or lack of diligence in complying with it, and a request made at the conclusion of the court's charge is timely notwithstanding the rule. See also Speiller v. United States, 3 Cir., 31 F.2d 682, 683.

It has been said that in a criminal case a court should instruct on all essential questions of law involved in the case, whether requested or not. McAffee v. United States, 70 App.D.C. 142, 105 F.2d 21, 26; Kinard v. United States, 68 App.D.C. 250, 96 F.2d 522, 524; Stassi v. United States, 8 Cir., 50 F.2d 526, 528; Kreiner v. United States, 2 Cir., 11 F.2d 722, 731; Bruno v. United States, 308 U.S. 287, 293, 60 S.Ct. 198, 84 L.Ed. ——; and see Bird v. United States, 180 U.S. 356, 361, 21 S.Ct. 403, 45 L.Ed. 570. It has also been stated that it is the duty of the court "to explain to the jury that they are the judges of the credibility of the witnesses * * * and to charge them that each and every circumstance appearing in evidence, bearing upon the credibility of any witness, is to be considered in connection with the testimony of that witness in order that the jury may come to a fair determination as to what weight shall be given to the testimony." Wainer v. United States, 7 Cir., 82 F.2d 305, 308; affirmed on other grounds in 299 U.S. 92, 57 S.Ct. 79, 81 L.Ed. 58. And in Speiller v. United States, supra [31 F.2d 683], the court held that even in the absence of a request the court should have instructed the jury that the testimony of a self-confessed perjurer "should be subjected to careful scrutiny and considered with great caution."

■ Notwithstanding the force of the authorities cited above we are persuaded that the generally accepted rule is that in the absence of a special request it is entirely within the discretion of the trial judge to determine whether he will instruct with reference to the credibility of witnesses and the weight to be accorded their testimony. United States v. Kelley, 2 Cir., 105 F.2d 912, 918; Ruvel v. United States, 7Cir., 12 F.2d 264; Steers v. United States, 6 Cir., 192 F. 1, 10; 16 C.J. §§ 2336, 2438, 2500; and see Stassi v. United States, supra. In Ruvel v. United States, supra, the court held that even upon request the court was not required specifically to charge the jury that a witness' prior conviction of crime might be considered by them. And there is no reason to suppose that the duty to charge with reference to prior conviction for felony is essentially different from that imposed on the trial court with reference to accomplice testimony. Marino v. United States, 9 Cir., 91 F.2d 691, 699, 113 A.L.R. 975. While it is generally said that the court should caution the jury that such testimony should be carefully scrutinized, the warning is purely discretionary with the court even in cases where the confederate appears for the prosecution motivated by hope of immunity. Nash v. United States, 2 Cir., 54 F.2d 1006; Hanks v. United States, 4 Cir., 97 F.2d 309; United States v. Becker, 2 Cir., 62 F.2d 1007.

The trial court not being under a duty to instruct on its own motion with reference to the legal effect on the credibility of a witness of conviction of a felony, the defendant was not entitled to presume that some such instruction would be given in the absence of a proper and timely request. We think, however, that it is the better practice to give such instructions, at least in the circumstances shown here. The omission is particularly striking in view of the fact that Mullen was the leading witness for the government in respect to the purchases of morphine from the defendant, and in view of his criminal record as disclosed by his cross-examination. Nevertheless we find no error that justifies a reversal. The refusal to consider a request for such an instruction first tendered after the close of the charge is a matter which lies entirely within the discretion of the trial court. Life Insurance Company v. Francisco, 17 Wall. 672, 679, 84 U.S. 672, 21 L.Ed. 698; United States v. Woods, 2 Cir.,

66 F.2d 262, 265; Fabian v. United States, 2 Cir., 15 F.2d 696; Baltimore & O. R. Co. v. Wood, 3 Cir., 228 F. 625, 628; Atchison, T. & S. F. Ry. Co. v. Hamble, 9 Cir., 177 F. 644, 652.

The judgment is affirmed.