ELDER v. UNITED STATES.

No. 10212.

Circuit Court of Appeals, Ninth Circuit.

Jan. 10, 1944.

200

A. L. Wirin, of Los Angeles, Cal., for appellant.

Leo V. Silverstein, U. S. Atty., and Howard V. Calverley, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Donald James Elder was convicted in the United States District Court of violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 311, by knowingly failing and neglecting to perform a duty required of him. The court sentenced him to prison. He appeals. Appellant in this court for the first time questions the sufficiency of the indictment to state a crime while conceding the sufficiency of the evidence upon which the finding of guilt was based.

The indictment upon which he was tried charges that appellant "* * * on or about February 23, 1942, at Los Angeles, County of Los Angeles, * * * did knowingly, wilfully, unlawfully and feloniously, having theretofore registered under the Selective Training and Service Act of 1940, and having been theretofore notified to report for work of national importance in lieu of induction in the armed forces of the United States, fail and neglect to perform a duty required of him under and in the execution of said Act and the rules and regulations made pursuant thereto, that is to say, the said defendant did then and there knowingly, wilfully, unlawfully and feloniously fail and neglect to report for work of national importance in lieu of induction in the armed forces of the United States, as required and so notified to do."

An indictment is a formal accusation of a person charging that he has committed an illegal act which is denounced by the sovereign as a crime. It must indicate the crime charged, and it must contain a statement of the essential elements of the indicated crime. It must include a recital of the acts alleged to constitute the offense in detail sufficient to bring them within the scope of the offense and sufficient to inform the accused generally of the acts attributed to him and the time of their commission so that he may adequately defend against the charge and so that he may be safeguarded against double jeopardy. Cochran v. United States, 157 U.S. 286, 290, 15 S.Ct. 286, 39 L.Ed. 704; United States v. Cruikshank, 92 U.S. 542, 545, 557, 23 L.Ed. 588; Woolley v. United States, 9 Cir., 97 F.2d 258, 261.

Where an indictment is not challenged in the trial court but is contested for the first time in an appellate court, technical imperfections will be ignored, and if the necessary facts can be drawn by reasonable inference from the allegations of the indictment, it will be considered sufficient, Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Kane v. United States, 8 Cir., 120 F.2d 990; Hardesty v. United States, 6 Cir., 168 F. 25. However, if an indictment is defective in substance, that is, if it fails materially in any one of the elements we have stated as being essential, it may be questioned for the first time in this court. Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390; Harris v. United States, 8 Cir., 104 F.2d 41; Remus v. United States, 6 Cir., 291 F. 513; Shilter v. United States, 9 Cir., 257 F. 724.

Appellant contends that the basic principles stated establish the insufficiency of the indictment. Appellee argues that where the indictment is couched in the terms of the controlling statute and where a purely statutory crime is involved, an allegation in the language of the statute which is fully descriptive of the offense is sufficient. Armour Packing Co. v. United States, 209 U.S. 56, 28 S.Ct. 428, 52 L.Ed. 681; Potter v. United States, 155 U.S. 438, 15 S.Ct. 144, 39 L.Ed. 214; Freeman v. United States, 5 Cir., 86 F.2d 243; Peck

v. United States, 7 Cir., 65 F.2d 59. The rule as stated by appellee, however, is subject to the qualification that if the statutory definition of a crime is so general that a pleading in its terms will not serve the purposes of an indictment, then the offense must be stated with greater particularity. United States v. Hess, 124 U.S. 483; United States v. Carll, 105 U.S. 611; Foster v. United States, 9 Cir., 253 F. 481.

The clause of § 11 of the Selective Service and Training Act under which the indictment herein was framed provides for the punishment of any person "who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act." The indictment adds to this general statement the recitals that appellant had registered under the Act and had been notified "to report for work of national importance in lieu of induction in the armed forces of the United States," and specifies that his neglect to report for such work was the manner in which he failed to perform his duty.

In Hopper v. United States, 9 Cir., 142 F.2d 181, this court held an indictment under the same statute sufficient on appeal and quoted the following with approval from United States v. Messersmith, 7 Cir., 138 F.2d 599, " 'Defendant contends that the indictment is vague and uncertain. It charges that defendant was duly assigned to work of national importance under civilian direction; that the Board directed him to report for such service and that he knowingly, intentionally and willfully failed to comply. This is a valid averment of violation of the law and fully advises defendant of the nature and character of the charge against him.' " See also Crutchfield v. United States, 9 Cir., 142 F.2d 170.

 Since the notification of defendant to report for work of national importance can legally follow only the prescribed procedure for the administration of the Act and the rules and regulations promulgated thereunder, the presumption of official regularity will satisfy the law so as to overcome a claim that the indictment does not sufficiently state the essence of an offense. "* * * it is a rule of very general application that, where an act is done which can be done legally only after the performance of some

prior act, proof of the latter carries with it a presumption of the due performance of the prior act," Knox County v. Ninth Nat. Bank, 147 U.S. 91, 97, 13 S.Ct. 267, 270, 37 L.Ed. 93.

Appellant complains that the trial court abused its discretion in denying three motions made by appellant. One motion made on July 20, 1942, was for a continuance to allow appellant to secure the listing of his name on the official roster of ministers of Jehovah's Witnesses. Another motion was made on July 27, 1942, immediately before sentence, to suspend sentence so that appellant might apply to his local board for a reclassification based upon his status, at the time of the motion, as a minister of Jehovah's Witnesses. The third motion was made on July 27, 1942, for delay in the imposition of sentence so that appellant might apply to his local board for a reclassification.

The bill of exceptions shows that the cause came on for trial on June 2, 1942, but was continued until July 20, 1942, upon motion of appellant to afford him an opportunity to have his name placed on the official list of "Pioneers" who devote their full time to the work of preaching the beliefs of Jehovah's Witnesses, and to enable him to bring the matter of his reclassification to the attention of the National Director of Selective Service and of the Attorney General of the United States. Appellant's purpose under all three motions was to secure a reclassification under the Selective Training and Service Act as a minister. The one continuance of more than a month and a half was granted to enable him to pursue that purpose. There is no showing that appellant would have been in a better position through further delay.

 Rulings on the two motions for continuance will not be disturbed on appeal since no abuse of discretion has been shown. Isaacs v. United States, 159 U. S. 487, 489, 16 S.Ct. 51, 40 L.Ed. 229. Under the Probation Act, 18 U.S.C.A. §§ 724–727, the power of a trial court to suspend a sentence is wholly within that court's discretion, and its exercise cannot be questioned on appeal. Burr v. United States, 7 Cir., 86 F.2d 502, 503; Evans v. District Judge, 6 Cir., 12 F. 2d 64, 65.

Affirmed.