**UNITED STATES of America,**

v.

**Warren Robert SLATTENDALE,
Defendant.**

**Cr. No. 15825.**

United States District Court
D. Colorado.

Dec. 19, 1958.

Donald E. Kelley, U. S. Atty., James C. Perrill, Asst. U. S. Atty., for the Dist. of Colorado, Denver, Colo., for the United States.

William F. Reynard, Denver, Colo., for defendant.

KNOUS, Chief Judge.

■ This matter stands on defendant's motion to dismiss the indictment for failure to state an offense against the United States. A hearing was had and counsel have submitted memoranda on the law.

The indictment alleges facts sufficient to subject the defendant to the terms of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq., and further alleges that defendant registered before Local Board No. 9, Boulder, Boulder County in the State and District of Colorado. Additionally, the indictment sets forth that on November 7, 1957 the defendant was classified by the Colorado Selective Service State Appeal Board, in Class 1–0, as a conscientious objector to both combatant and noncombatant service in the Armed Forces. The indictment alleges that thereafter, on July 15, 1958, the local board ordered the defendant to report for civilian work contributing to the maintenance of the national health, safety or interest. Finally, the indictment sets forth the defendant's failure to perform duties pursuant to the order and the resulting violation of Title 50 U.S.C.A.Appendix, § 462(a).

The defendant's motion to dismiss the indictment is grounded on the fact that there is no showing on the face of the indictment that the defendant was duly and properly classified by the local board, and it is the defendant's position that without such allegation there is not a sufficient showing of jurisdiction in the local board to issue the civilian work order.

Section 1626.26(a) of Title 32, Code of Federal Regulations, provides classification by the appeal board in much the same manner as the local board; and § 1626.26(b) states further that the appeal board classification shall be final except when an appeal to the President is taken, or unless the local board reopens the classification because of new, not previously-considered, material. Dealing specifically with the defendant's contention that the indictment must allege local board classification, Section 1626.31, Title 32 C.F.R., provides that upon receipt by the local board of the appeal board's decision, the local board shall mail a notice of the classification to the registrant and, of particular note, § 1626.31(c) specifies that if the local board classification has been changed by the appeal board, the new classification shall be entered in the Classification Record and the old local board classification shall be lined out.

■ The courts, in dealing with the de novo nature of appeal board classification and the validity of local board orders issued pursuant to appeal board classifications, have uniformly held that such classifications supersede local board classifications and may serve as a basis for local board orders. In United States v. Moore, 7 Cir., 217 F.2d 428, at page 431, reversed on unrelated grounds 348 U.S. 966, 75 S.Ct. 530, 99 L.Ed. 753, the Court discussed this question:

"* * * The three separate agencies, i. e., the local board, state appeal boards and the Presidential Appeal Board, are given concurrent power to determine all questions or claims with respect to classification. The appeal boards are in no judicial sense appellate agencies, but are, rather, agencies superior to the local boards, which consider anew each application referred to them, and determine, on the basis of their own proceedings, the appropriate class for the affected registrant. A classification given by an appeal board is not, therefore, merely an affirmance of the action of an inferior agency, but is the independent act of such board.

"Undoubtedly, the confusion which prevails on this question results, as the government suggests, from the fact that only the local board deals directly with the registrant. Notice of the result of a classification hearing before any appeal board is sent to the affected registrant's local board, which in turn, sends an appropriate notice to the registrant. Likewise, all orders for examinations and induction emanate from the local board, whether based on its own classification or one fixed by its superior agencies. This procedure does not, however, make the action of the appeal board that of the local board.

"The 'basis in fact' issue in a criminal action brought under the Act is solely a question whether the selective service file which was before the agency which considered the case most recently in point of time reflects a basis in fact to support the classification given by such agency, the classification on which the registrant's induction order is based."

See also: United States v. Chodorski, 7 Cir., 240 F.2d 590, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 858; Tyrrell v. United States, 9 Cir., 200 F.2d 8, certiorari denied 345 U.S. 910, 73 S.Ct. 646, 97 L.Ed. 1346, and United States v. Pitt, 3 Cir., 144 F.2d 169.

■ It is not necessary that the indictment allege that each administrative step has been taken and that each pertinent regulation has been followed; in this respect, see Elder v. United States, 9 Cir., 142 F.2d 199, at page 201, where the Court in a Selective Service case, set forth the following:

"Since the notification of defendant to report for work of national importance can legally follow only the prescribed procedure for the administration of the Act and the rules and regulations promulgated thereunder, the presumption of official regularity will satisfy the law so as to overcome a claim that the indict-

ment does not sufficiently state the essense of an offense. ' * * * it is a rule of very general application that, where an act is done which can be done legally only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act,' Knox County v. Ninth Nat. Bank, 147 U.S. 91, 97, 13 S.Ct. 267, 270, 37 L.Ed. 93."

The Court is convinced that the authorities sustain the sufficiency of the indictment in this particular. Therefore, it is

Ordered And Adjudged that the defendant's motion to dismiss the indictment be, and the same is hereby denied.