**EMMANUEL v. UNITED STATES.**

Circuit Court of Appeals, Fifth Circuit.
March 28, 1928.

No. 5111.

**1. Criminal law ⬤⟹423(1)—In prosecution for conspiring and for bringing alien into United States, admitting evidence that defendant co-operated in unlawfully bringing in another alien held not error, though conspiracy count was later abandoned (8 USCA § 144).**

In prosecution under indictment charging conspiracy to bring into United States named alien, who was not entitled to enter, contrary to 8 USCA § 144, evidence that defendant had on another occasion co-operated to bring about entry into United States of another alien, who was not entitled to admission, *held,* admissible as tending to prove conspiracy, notwithstanding subsequent dismissal of conspiracy count; conviction being had on count for bringing alien into country.

**2. Aliens ⬤⟹59—Refusal of directed verdict of acquittal in prosecution for unlawfully bringing alien into United States held not error (8 USCA § 144).**

In prosecution for bringing into and landing in United States alien, who was not entitled to enter, contrary to 8 USCA § 144, evidence *held* sufficient to take case to jury, so that refusal of directed verdict of acquittal was not error.

**3. Aliens ⬤⟹53, 59—Alien entering United States illegally does not commit crime, but may be deported.**

Alien does not commit crime by entering United States illegally, but is subject to be deported.

**4. Criminal law ⬤⟹507(1)—Alien entering United States unlawfully is not "accomplice" in crime of unlawfully bringing aliens in (Cr. Code, § 332 [18 USCA § 550]; 8 USCA § 144).**

Alien entering United States illegally is not accomplice in crime of unlawfully bringing aliens into United States contrary to 8 USCA § 144, since under Criminal Code, § 332 (18 USCA § 550), witness is not "accomplice" if his participation in what made another guilty of crime did not make him chargeable with criminal offense (citing 1 Words and Phrases, "Accomplice").

**5. Criminal law ⬤⟹780(2)—In prosecution for unlawfully bringing aliens into United States, refusal of charges relative to accomplice's testimony, based on theory that entering aliens were accomplices, held not error (Cr. Code, § 332 [18 USCA § 550]; 8 USCA § 144).**

In prosecution under 8 USCA § 144, for unlawfully bringing aliens into United States, refusal of charges relative to accomplice's testimony *held* not error under Criminal Code § 332 (18 USCA § 550), where they were based on theory that aliens illegally entering were accomplices.

In Error to the District Court of the United States for the Southern District of Florida; William B. Sheppard, Judge.

George M. Emmanuel was convicted of bringing into and landing in the United States alien who was not entitled to enter, and he brings error. Affirmed.

Howard P. Macfarlane, of Tampa, Fla. (Macfarlane, Pettingill, Macfarlane & Fowler, of Tampa, Fla., on the brief), for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The indictment against plaintiff in error, George M. Emmanuel, and others contained four counts, three of which charged·some of the accused with, at a stated time and place, unlawfully, etc., bringing into and landing in the United States from a named foreign country by means of a·certain vessel, to wit, the schooner Ariel, a named alien, who had not been duly admitted to the United States and was not then lawfully entitled to enter and reside within the United States under the terms and provisions of the Act of Congress of February 5, 1917, as amended (Comp. St. § 4289¼a et seq.), and charged Emmanuel and Harrison Smith with unlawfully, etc., aiding, abetting, and assisting in bringing into and landing said alien in the United States from a named foreign country, and the fourth count charged the accused with conspiracy to commit the offenses charged in the other counts. At the conclusion of the evidence the district attorney announced that the government abandoned the fourth count, the one charging conspiracy. Emmanuel was convicted under the first and second counts, the charges of which, respectively, were as to the bringing into and landing in the United States of Jacob Can and Alexander Trancygrea. Emmanuel complains of rulings on evidence, of the court's refusal to direct a verdict in his favor, and of the court's refusal to give the following charges requested in his behalf:

"The court further charges you that an accomplice is a person who knowingly, voluntarily, and with common intent with others, who are subsequently charged with the commission of a crime, unite with such others in the commission of such crime. If you believe from the evidence in this case that the witnesses Jacob Can, Fannie Tunick, and Alexander Trancygrea knowingly, voluntarily, and with common intent joined with any defendants in this case who unlawfully

obtained admission to the United States, then the said witnesses would be accomplices in the crime charged in the first and second counts of this indictment. * * *

"The court further instructs you that under the laws of the United States a conviction can be had upon the uncorroborated testimony of an accomplice or accomplices; but, before you are justified in arriving at a verdict upon the uncorroborated testimony of an accomplice or accomplices, their evidence must be clear and convincing, and have the ring of truth, and together with all evidence in the case convince you of the guilt of the defendants beyond and to the exclusion of every reasonable doubt. You are directed to carefully weigh the testimony of any persons testifying in this case whom you shall believe from all the evidence in this case are accomplices, and you should not place too firm a reliance upon such testimony, unless the same is corroborated by the testimony of witnesses other than accomplices, or by other facts and circumstances that verify their testimony in material particulars."

[1] After one Verkman, an alien who was not entitled to admission into the United States, had as a witness for the government testified to Emmanuel and another of the accused co-operating to bring about his entry into the United States on an occasion different from that referred to in the testimony as to the entry of Jacob Can and Alexander Trancygrea, counsel for Emmanuel moved that that testimony be stricken, and excepted to the action of the court in denying that motion. The testimony in question was with reference to an occurrence at a time and place covered by the charge of conspiracy contained in the fourth count. It was admissible at the time it was given, and when the motion to exclude was made and acted on, because it tended to prove that two of the accused conspired as charged in that count.

[2] There was evidence to the following effect: After the two above-mentioned aliens had been brought from Cuba to a point near Tarpon Springs, Fla., and while they were in a little boat which was carrying them at night towards the shore, Emmanuel was waiting in the woods on shore with a search light in his hand, turned on the flash light several times as a signal to those in the little boat to come on, assisted the aliens in landing, and took charge of them when they landed. This evidence supported the charges against Emmanuel contained in the first and second counts of the indictment, in that it tended to

prove that he aided, abetted, and assisted in the accomplishment of the purpose of the other accused, who were charged with bringing into and landing in the United States the named aliens. As evidence adduced tended to prove that Emmanuel was guilty of the offense charged (Comp. Stat. § 4289¼dd [8 USCA § 144]; Crim. Code, § 332 [18 USCA § 550]), the court did not err in refusing to direct a verdict in his favor.

[3, 4] The aliens who were charged to have been brought into the United States illegally were witnesses for the government, and they were the only witnesses for the government who participated in the transactions alleged in the counts on which Emmanuel was convicted. They did not commit a crime by entering the United States illegally, but were subject to be deported. Fong Yue Ting v. United States, 149 U. S. 698, 730, 13 S. Ct. 1016, 37 L. Ed. 905; Flora v. Rustad (C. C. A.) 8 F.(2d) 335. The generally prevailing rule is that a witness is not an accomplice, if his participation in what made another or others guilty of a crime did not make him chargeable with a criminal offense. Singer v. United States (C. C. A.) 278 F. 415, certiorari denied 258 U. S. 620, 42 S. Ct. 272, 66 L. Ed. 795; State v. Gordon, 15 Ann. Cas. 897; 1 R. C. L. 157; Bishop's New Criminal Procedure (2d Ed.) § 1159; 1 Words and Phrases, First and Second Series, "Accomplice."

There are some decisions to the effect that one may be an accomplice, though what is done by him does not subject him to a criminal charge. People v. Bolanger, 71 Cal. 17, 11 P. 799. Such decisions as the one just cited are against the decided weight of authority. A controlling reason justifying the practice of courts in cautioning juries with reference to accepting the uncorroborated testimony of an accomplice is that the witness referred to, in giving testimony against another or others with whom he admits he participated in committing the crime charged, is liable to be influenced by a hope or expectation of advantage or benefit to himself as a result of his giving testimony implicating another or others in that crime.

[5] The same reason for suggesting caution does not exist, where what the witness admits he did does not subject him to any criminal charge. We conclude that the court did not err in refusing to give the above set out requested special charges, because one of those charges incorrectly defined an accomplice, and the witnesses referred to in the other charge were not accomplices.

Other rulings complained of do not call for comment. The record shows no reversible error.

The judgment is affirmed.