SMITH v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 28, 1928.

No. 5220.

1. Aliens ⊜⇒56—One encouraging another unlawfully to bring aliens into United States is "aider and abettor."

One who does acts in concert with another, to encourage such other to unlawfully bring aliens into United States, is "aider and abettor."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Aider and Abettor.]

2. Aliens ⊜⇒59—Refusal to direct verdict of acquittal in prosecution for unlawfully bringing aliens into United States held proper.

In prosecution for unlawfully bringing aliens into United States, evidence showing the defendant met boat carrying aliens and took them in automobile to city held, sufficient to take case to jury, so that refusal of directed verdict of acquittal was not error.

In Error to the District Court of the United States for the Southern District of Florida; William B. Sheppard, Judge.

Harrison Smith was convicted of unlawfully bringing aliens into the United States, and he brings error. Affirmed.

H. S. Phillips, of Tampa, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. [1, 2] The plaintiff in error, Harrison Smith, was convicted in the same trial and under the same counts of the indictment which were under consideration in the case of Emmanuel v. United States, 24 F.(2d) 905, United States Circuit Court of Appeals, present term. There was evidence tending to prove that at or about the time the aliens mentioned in the indictment, after being brought in the Ariel from Cuba to a point near Tarpon Springs, Fla., were being carried from the Ariel in a small boat to shore and landed at night, Smith was in the woods near the place of landing with an automobile, in which he carried some of the aliens to Tampa. That evidence supported findings that there was concerted action between Smith and other accused, who brought the aliens from Cuba and landed them in the United States, to effect the successful unlawful entry of the aliens into the United States, and that Smith's presence in the woods near the place of landing with an automobile was for the purpose and had the effect of aiding, abetting, or encouraging other accused in bringing the aliens into and landing them in the United States. If what the evidence showed Smith did in concert with other accused encouraged the latter unlawfully to bring the aliens into and land them in the United States, he aided and abetted them in so doing. Raiford v. State, 59 Ala. 106; Hicks v. United States, 150 U. S. 442, '14 S. Ct. 144, 37 L. Ed. 1137; 1 Cyc. 163. We conclude that the court did not err in refusing to direct a verdict in Smith's favor as to the counts under which he was convicted.

Other rulings complained of are covered by what has been said in the opinion in the case of Emmanuel.v. United States, supra.

The record showing no reversible error, the judgment is affirmed.