## MEDLIN v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
October 31, 1928.

No. 5417.

T. Baldwin Martin, of Macon, Ga., for appellant.

Scott Russell, U. S. Atty., of Macon, Ga.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. The appellant was convicted under an information containing three counts charging violations of the National Prohibition Act (27 USCA)—one charging unlawful possession of intoxicating liquor, another charging unlawful sale of such liquor, and the third charging the maintenance of a common nuisance, in two described buildings in the city of Macon, Ga., one known as the "Buffeteria" and the other adjoining that building, by maintaining a place where intoxicating liquor was unlawfully kept for the purpose of being sold for beverage purposes—and was sentenced to im-

prisonment for the term of three months and to pay a fine of $1,000.

The rulings complained of are the overruling of an objection of the appellant to part of the testimony of F. G. Sutton, a witness for the government, the sustaining of an objection to a question asked on the cross-examination of W. T. Derry, a witness for the government, and the refusal of the court, after it had announced that the two attorneys for the defendant would be allowed 10 minutes each for argument to the jury, to grant the request of such attorneys that they be allowed additional time for such argument.

The bill of exceptions does not indicate that, prior to the conclusion of the direct and cross examination of the witness Sutton, any objection was made to any part of his testimony. The record does not negative the conclusion that the part of his testimony on his direct examination which was objected to was given by responsive answers to questions which called for that testimony and were not objected to. The record does not show that the objection under consideration was made when it should have been made. The court is not chargeable with error for overruling an objection to testimony, which was not objected to when it was sought to be elicited, and when it was admitted.

On his direct examination the witness Derry testified that he went into the Buffeteria "with another party, and watched this other party purchase one pint of whisky from Walter Medlin in the Buffeteria." That witness testified to no other incriminating fact or circumstance. On his cross-examination, counsel for appellant asked the witness the name of the other party who purchased the liquor in his presence. The court sustained an objection of the district attorney to this question, and refused to permit the witness to answer. It seems that this ruling was erroneous, because an answer to the question might aid the jury in passing on the credibility of the witness, and the sustaining of the objection may have had the effect of depriving the accused of the opportunity of adducing evidence which may have been favorable to him. But the ruling in question does not warrant reversal, if it appears from the record that the ruling did not affect the substantial rights of the appellant. U. S. C. tit. 28, § 391 (28 USCA § 391).

The witness Sutton testified as follows: He went to the building known as the Buffeteria on March 3, 1928, under a federal search warrant. When he entered the building, Walter Medlin went behind the counter and pushed a button, and immediately after Medlin pushed the button he heard a bell ring behind the building. He pushed Medlin away from the button, and told him he had a federal search warrant, and handed him a copy of that warrant. He then moved a meat chopper on a table away from the door in the rear of the building, which was not locked. Immediately upon opening the door, he smelled a strong odor of whisky, and he went through a connecting passageway which opened into another building. As he entered this passageway he heard some one in the other building slam the door. Upon entering the other building he found a number of empty jugs with a very small quantity of liquor in them, 38 one-half pint bottles filled with whisky, a pump which had recently been used to pump whisky and from which a small quantity of whisky dripped, and also found a 200-gallon copper tank, buried into the floor and filled with whisky. No whisky was found in the building known as the Buffeteria.

The above-recited testimony of Sutton was wholly uncontroverted, though the appellant testified as a witness in his own behalf. That uncontroverted testimony was such as to support a conviction under the third count of the information, as it showed that the building in which the liquor was found was one where intoxicating liquor was kept, in violation of the National Prohibition Act, with the result of creating a common nuisance (U. S. C. tit. 27, § 33 [27 USCA § 33]), and that appellant aided or abetted the maintenance of that nuisance, thereby becoming a principal in the commission of the offense (U. S. C. tit. 18, § 550 [18 USCA § 550]). As undisputed evidence submitted to the jury, exclusive of the testimony of Derry, sustained the charge contained in the third count of the information, it fairly may be inferred that as to that count the verdict of guilty is to be attributed to the jury's consideration of that evidence, and that the testimony of Derry, which, being as to a single sale of whisky, supported only the charge contained in the second count of the information, was without influence or effect in bringing about a verdict of guilty under the third count.

We think the record shows that, so far as appellant's conviction under the third count of the information is concerned, the ruling under consideration was without prejudicial effect, and that the conviction under that count is not subject to be reversed because of that ruling. The sentence imposed was

such as properly could have been imposed on a conviction under the third count alone. U. S. C. tit. 27, § 33, 27 USCA § 33. This being so, the judgment of conviction is not subject to be reversed because of an erroneous ruling which did not affect the propriety of the conviction under that count. Baldwin v. United States (C. C. A.) 238 F. 793.

■ The record does not indicate that there was any abuse of the court's discretion in its complained of action as to the time allowed for argument to the jury.

No reversible error being shown, the judgment is affirmed.