Mack Hayes WOOD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19253.

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1962.

credibility to be given such testimony.[1] We have considered the other errors urged and find all to be without merit. The judgment of the court below is

Affirmed.

Sam Lumpkin, Tupelo, Miss., Colin L. Stockdale, Jackson, Miss., for appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

A reading of the record in this case convinces us that the handling by the court below of the recalcitrant witness was not prejudicial. The complaints which appellant makes concern the minutiae of the trial, which are matters for the sound judicial discretion of the trial judge. The court's refusal to give the charge requested by appellant with respect to accomplice testimony was not erroneous; the charge given fairly instructed the jury as to the weight and

1. The requested instruction was that the accomplice's testimony "should be weighed with caution, distrust and suspicion," but the court felt the instruction given that "you should keep in mind with respect to this witness' testimony that it should be received with caution and weighed with care, weighed with great care. You should not convict the defendant upon the unsupported testimony of Frank Aderholt unless you believe that unsupported testimony beyond a reasonable doubt," was sufficient. That provision of the charge is lifted almost verbatim from Mathes' "Jury Instructions

and Forms For Federal Criminal Cases" 27 F.R.D., 39, 69 (1961): "However, the jury should keep in mind that such testimony is to be received with caution and weighed with great care. You should not convict a defendant upon the unsupported testimony of an accomplice, unless you believe the unsupported testimony beyond all reasonable doubt." Cf. Emmanuel v. United States, 5 Cir., 1928, 24 F.2d 905; Lyles v. United States, 1957, 5 Cir., 249 F.2d 744; and Phelps v. United States, 5 Cir., 1958, 252 F.2d 49.

