**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Fred Otis STANLEY, Defendant-**
**Appellant.**

**No. 30060**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1970.

Garth A. Lindsey, Elba, Ala., Euel A. Screws, Jr., Richard H. Gill, Montgomery, Ala., for defendant-appellant; Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., of counsel.

Fred O. Stanley, pro se.

* ▇ Rule 18, 5th Cir.  See Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d
409, Part I.

Ira DeMent, U. S. Atty., D. Broward Segrest, William H. Thomas, Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

Fred Otis Stanley was convicted by a jury on a two-count indictment charging him with knowingly receiving and selling two stolen motor vehicles, a 1967 Chevrolet Impala and a 1964 Chevrolet Impala, which were moving in interstate commerce, in violation of 18 U.S.C. § 2313.[1] He was sentenced to serve three years in the custody of the Attorney General.

Stanley contends that (1) the Government's evidence was insufficient to support the jury's verdict, and (2) a comment by the district court in its jury charge concerning punishment constituted reversible error. There is no merit to these contentions. We affirm.

## I.

To convict Stanley, the Government was required to prove beyond a reasonable doubt that the two automobiles in question were stolen, that they were moving in interstate commerce, that Stanley received and sold them, and that while doing so, he knew the automobiles to have been stolen. *See* Odom v. United States, 5 Cir. 1967, 377 F.2d 853, 855. Stanley does not challenge the sufficiency of the Government's proof that the two automobiles were stolen or that they were moving in interstate commerce. He asserts that the Government's evidence was insufficient to support the jury's verdict that he received and sold the automobiles knowing them to have been stolen.

To prove these elements of the offense, the Government offered the testimony of one Harold Elmore. Elmore had also been indicted for transporting in interstate commerce the same 1967 Chevrolet Impala described in count I of the Stanley indictment. Elmore testified that Stanley had sold him the two automobiles in question. He placed the dates of those sales as shortly after the dates on which other Government witnesses testified the automobiles were stolen. He also produced a check made out to Stanley for $1,000, on which Stanley had written "personal loan." Elmore testified that the check was partial payment in advance for the 1967 Chevrolet Impala. Stanley stipulated that he endorsed the check signed by Elmore.

Stanley contends that since Elmore was under indictment for transporting in interstate commerce the same stolen automobile, his testimony is so inherently untrustworthy that it cannot constitute substantial evidence. We do not agree. Elmore was not a codefendant in this case; he was charged with a separate offense under a separate indictment. At best, he could have been considered only an accomplice in this case. *See* Risinger v. United States, 5 Cir. 1956, 236 F.2d 96, 99 & n. 2. It is well settled that the uncorroborated testimony of an accomplice is sufficient to support a conviction in the federal courts. Williamson v. United States, 5 Cir. 1966, 365 F.2d 12, 14. When the testimony of an accomplice is received, however, it is proper that the court instruct the jury that the testimony is to be received with caution. Smith v. United States, 5 Cir. 1965, 343 F.2d 539, 544–545. In this case the trial court considered the possibility that the jury might regard Elmore an accomplice to the offense and properly charged that Elmore's testimony should be received with caution and weighed with great care. Of course, the credibility of wit-

1. § 2313.   Sale or receipt of stolen vehicles

Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

nesses and the weight of the evidence are issues committed to the jury; it is not the function of this Court to resolve those issues. Williamson v. United States, *supra;* Gorman v. United States, 5 Cir. 1963, 323 F.2d 51, 52.

■ Stanley further argues that the court wrongfully allowed the Government to pyramid inferences of his guilt instead of having to prove him guilty. Specifically, he contends that the Government did not prove beyond a reasonable doubt that he knew the automobiles to have been stolen. It is true that in order to prove knowledge the Government relied on the familiar proposition that the unexplained possession of recently stolen property is a circumstance from which the jury may reasonably infer that the person in possession knew that the property had been stolen. *See* Hale v. United States, 5 Cir. 1969, 410 F.2d 147, 150; Overton v. United States, 5 Cir. 1968, 405 F.2d 168, 169. Stanley contends, however, that there was no evidence from which the jury could find possession, except that untrustworthy testimony of Harold Elmore. Thus the jury was permitted to infer the crucial fact—possession—from which they were to infer guilty knowledge. Since we have already rejected the contention that Elmore's testimony is insubstantial evidence, we must reject this argument too. This is not a case such as Baker v. United States, 8 Cir. 1968, 395 F.2d 368, on which appellant relies, in which the jury was allowed to infer possession from the defendant's mere presence in the car and from that possession infer interstate transportation of the stolen car. In this case the Government produced direct evidence—the uncontradicted testimony of Harold Elmore—that Stanley had indeed possessed recently stolen property. The Government was thus entitled to invoke the presumption of guilty knowledge from unexplained possession.

Viewing the evidence in the light most favorable to the Government, as we must, we hold that substantial evidence existed from which the jury might reasonably conclude that Stanley was guilty.

## II.

■ Stanley also argues that his conviction must be reversed because of an improper comment by the trial judge in his jury charge. He contends that the court invited the jurors to find him guilty by telling them that they need not worry about convicting him because the court could always give him probation if he had a good record. We find no merit in this contention. The court merely charged that in making the determination of Stanley's guilt or innocence the jury was not to be concerned with any possible punishment.[2] This cautionary instruction was in fact necessitated by a reference Stanley's attorney made in the opening statement to the

2. The court charged as follows:
"In that connection, I charge you that you are not concerned when you make a determination of guilt or innocence with any punishment that may be imposed, whether it be probation or whether it be a fine or whether it be a penitentiary sentence. The Court doesn't get concerned with punishment until after a verdict of guilty has been rendered and after a presentence probation report has been studied in the case, so as to whether a defendant is guilty or innocent has nothing to do with any possible punishment that may be imposed in the case. On the other hand, if you believe, after you consider all of the evidence in the case, that the Government has failed to sustain—as I have outlined and defined that burden to you—then—as to either of these charges, then without regard to any consequences, return a verdict of not guilty."
The appellant objected to this charge. The court replied:
"THE COURT: And the basis for making that statement to the jury was your statement that these charges carried up to a total punishment of ten years.
"MR. LINDSEY: Yes, sir.
"THE COURT: That is no concern of the jury, and I felt like fairness required that I tell them that they were not concerned with the ten-year penitentiary sentence; and that is what I was telling that for."

possibility of a ten-year sentence if the jury found Stanley guilty.[3] There was no error in the court's charge.

The judgment of the district court is affirmed.

---

**3.** During his opening statement appellant's counsel stated: " * * * This indictment that was mentioned to you—by the United States Attorney asks you in sum and substance that you—and he asks—that you return a verdict of guilty whereby a sentence of up to ten years might be imposed."