[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12343
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00019-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATREZZ L. SINGLETON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 19, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Latrezz Singleton appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On appeal, Singleton argues that the district court abused its discretion in admitting into evidence a recording and transcript of his jailhouse phone call, and that there was insufficient evidence to support his conviction. After a thorough review of the record, we affirm.

Singleton was charged by superseding indictment with possession of a firearm by a convicted felon. At trial, Officer Walter Baldwin of the St. Mary's Police Department testified that on August 14, 2009, he went to the Cumberland Oaks apartment complex to arrest Singleton on an outstanding warrant. He found Singleton in the breezeway of one of the buildings, handcuffed and arrested him, and placed him in the back of his patrol car. Singleton asked to use the restroom and Baldwin asked Officer Bell to take him.

Baldwin noticed Singleton's car, which he recognized because he had seen Singleton drive it on many occasions, parked nearby. Although the car was registered to Singleton's mother, Baldwin had not seen anyone other than Singleton drive it. While awaiting for an officer to arrive with a dog to check the car, Baldwin noticed Danielle Kinnitt closing the driver's door and walking away from the car. Baldwin saw something in her hand and instructed her to stop. When she finally complied, Baldwin saw a gun. Kinnitt admitted that Singleton

had called her and told her to get the gun out of his car. Baldwin instructed Kinnitt to put the gun back where she found it and she placed it back in the car.

Baldwin then explained that he previously worked at the jail in the Camden County Sheriff's Office. He confirmed that the jail recorded inmates' outgoing phone calls and that there was a notice posted in the jail informing the inmates of the policy. About a week after Singleton was arrested, Baldwin went to the jail to pick up a copy of a recorded call Singleton made from jail. Baldwin stated that he had listened to the recording.

Defense counsel objected to the admission of the recording and the transcript made of the call. The court overruled the objection but issued a limiting instruction to the jury to determine for itself whether the transcript correctly reflected the content of the recording.

Kinnitt testified that she had seen Singleton with a gun many times. She specifically identified the gun admitted as evidence as the gun she had seen Singleton with on other occasions. Kinnitt confirmed that car Baldwin identified as Singleton's was the car Singleton drove. Kinnitt stated that Singleton called her on his cell phone from the police car and told her to take the gun out of the car. She explained that Singleton said he would distract the police so she could remove the gun from the car, and he told her exactly where to find the gun. Kinnitt stated

3

that Baldwin approached her as she was going back to her apartment and told her to put the gun back where she had found it, which she did. Kinnitt then stated that, when she spoke to Singleton by phone from the jail after his arrest, he instructed her to tell the police that Baldwin gave her the gun to put in Singleton's car.

Kinnitt reviewed the transcript of her phone conversation with Singleton after his arrest. She confirmed the voice on the recording was hers. Defense counsel renewed his objection to the admission of the recording and the transcript. The court reminded the jury of the limited use of this evidence.

St. Mary's Police Officer Calvin Bell testified that he arrived at the Cumberland Oaks apartment complex on August 14 as back-up for Baldwin. Singleton was already in the back of the patrol car when he arrived. At Baldwin's request, Bell took Singleton to use the restroom. Bell confirmed that Singleton used his cell phone at that time, and he told Baldwin about the call. Baldwin told him Singleton had probably called Kinnitt to tell her to move the gun.

Finally, Joshawa Boone, a former patrolman with the St. Mary's Police Department, also testified that he had seen Singleton driving the car several times.

At the close of the government's case, Singleton moved for judgment of acquittal, arguing that the only evidence against him was that of Ms. Kinnitt, a co-

conspirator, and there was no corroboration of her testimony. The district court denied the motion. The jury convicted Singleton of firearm possession, and the court sentenced Singleton to 120 months' imprisonment.

Singleton raises two issues on appeal: First, he challenges the admission of the jailhouse recording and the corresponding transcript. Second, he challenges the sufficiency of the evidence to convict him.[1] We address each in turn.

A. Evidentiary Admission

Singleton argues that the district court abused its discretion by admitting this evidence because it lacked the proper foundation as to its authenticity.

We review a district court's decision to admit evidence for an abuse of discretion. *United States v. Cole*, 755 F.2d 748, 766 (11th Cir. 1985). The district court has "broad discretion in determining whether to allow a recording to be played before a jury." *Id*. at 766 (citing *United States v. Biggins*, 551 F.2d 64 (5th Cir. 1977)[2]).

The Federal Rules of Evidence provide that evidence is properly

---

[1] Singleton stipulated that he had a prior felony conviction. The government proffered testimony that the gun had traveled in interstate commerce. Neither of these elements of a § 922(g) offense are at issue in this appeal.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

authenticated when there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Once a party has presented sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be, the evidence should be admitted and the trier of fact permitted to determine whether the proffered evidence is what it purports to be. *United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir.1985) (citation and internal quotations omitted). Rule 901(a) only requires some competent evidence in the record to support authentication; circumstantial evidence alone may be enough. *United States v. Elkins*, 885 F.2d 775, 785 (11th Cir. 1989).

In order to introduce a recording at trial, the government must establish that it is an "accurate reproduction of relevant sounds previously audited by a witness." *Biggins*, 551 F.2d at 66. The government carries the burden of establishing: (1) the competency of the operator; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant portions of the recording; and (4) the identification of the relevant speakers. *Id*. But "[w]here there is sufficient independent evidence of the accuracy of the tape recordings to insure their reliability, we will not disturb the trial court's decision to admit them even though at the time that judgment was made the government had not carried

6

its particularized burden [under *Biggins*]." *United States v. Hughes*, 658 F.2d 317, 323 (5th Cir. Unit B Oct. 1981).

A speaker's voice may be identified by opinion testimony "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed. R. Evid. 901(b)(5). Absent a showing that transcripts are inaccurate or that specific prejudice has occurred, a court does not err in allowing transcripts to be given to the jury. *United States v. Reed*, 887 F.2d 1398, 1406-07 (11th Cir. 1989).

Here, the district court did not abuse its discretion when it admitted into evidence a recording and transcript of a jailhouse phone call. Although the government failed to establish all the *Biggins* factors at trial, the government presented adequate independent evidence of the accuracy of the recording and transcript. In her testimony, Kinnitt confirmed that the recording was of a conversation between Singleton and herself and she verified the accuracy of the transcript. Singleton has not alleged – and there is no evidence to support – that the recording was altered in any way. Accordingly, we affirm as to this issue.

B. Sufficiency of the Evidence

Singleton argues that the evidence at trial was insufficient to support his conviction for possession of a firearm by a convicted felon because the only

evidence offered was impeached testimony by another convicted felon and there was no evidence of his actual or constructive possession of a firearm. He further argues that the uncorroborated testimony of his accomplice should be stricken as incredible and insubstantial on its face.

We review *de novo* whether there is sufficient evidence in the record to support a jury's verdict in a criminal trial. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We must examine the evidence in the light most favorable to the government, drawing all reasonable inferences and making all reasonable credibility determinations in favor of the verdict. *Id*. A criminal conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence. *United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir.), *cert. denied*, 131 S.Ct. 186 (2010).

To obtain a conviction for being a felon in possession of a firearm, the government must prove that (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm, and (3) the firearm was in or affecting interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000).

A defendant may "possess" a firearm through either actual or constructive possession. *United States v. Pedro*, 999 F.2d 497, 500 (11th Cir. 1993) (quotation

omitted). To establish constructive possession, the government must show that the defendant exercised ownership, dominion, or control over the firearm itself or the vehicle concealing the firearm. *See United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004); *see also United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004) (explaining that the exercise of dominion and control can be exhibited directly by the defendant or through others). Constructive possession can also be shown when a defendant has knowledge of the firearm coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion. *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996). Additionally, a defendant can have constructive possession of a firearm if he has the power and intention to later take control over it. *Gunn*, 369 F.3d at 1235. The government can show possession by direct or circumstantial evidence. *United States v. Mieres-Borges*, 919 F.2d 652, 657 (11th Cir. 1990).

In order for one to be considered an accomplice, she must be (1) concerned with the commission of the specific crime with which the defendant is charged; (2) an associate in guilt of that crime; and (3) a participant in that offense as a principal or accessory. *Risinger v. United States*, 236 F.2d 96, 99 (5th Cir. 1956). The uncorroborated testimony of an accomplice is sufficient to support a

conviction if the testimony on its face is not incredible or otherwise insubstantial. *United States v. LeQuire*, 943 F.2d 1554, 1562 (11th Cir. 1991). Testimony is "incredible or insubstantial on its face" if it relates to facts that the accomplice physically could not have possibly observed or events that could not have occurred under the laws of nature. *Id*. (quotation omitted).

Here, viewing the evidence in the light most favorable to the government, a rational trier of fact could conclude that the evidence established Singleton's guilt beyond a reasonable doubt. Contrary to Singleton's claim, the government proffered more than the testimony of an alleged accomplice. Rather, Kinnitt testified that she had seen Singleton with the gun, Kinnitt, Baldwin, and Boone testified that they often saw Singleton driving the car in which the gun was found, and the jury heard Singleton instruct Kinnitt to move the gun in the jail house recording. Based on this testimony, a reasonable jury could have concluded that Singleton had constructive possession of the gun.

Even if we were to conclude that Kinnitt was Singleton's accomplice, Singleton's argument fails. The testimony at trial was both corroborated and not incredible or insubstantial on its face. Accordingly, we affirm Singleton's conviction.

**AFFIRMED.**